AUSA: THOMAS JOHN WRIGHT

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **26 MAG 249** |
| UNITED STATES OF AMERICA<br><br>            v.<br><br>ANDREW WIGGINS,<br><br>                        Defendant. | **SEALED COMPLAINT**<br><br>Violations of 18 U.S.C. § 922(g)(1)<br><br>COUNTY OF OFFENSE:<br>NEW YORK |

SOUTHERN DISTRICT OF NEW YORK, ss.:

MICHAEL CALLE, being duly sworn, deposes and says that he is a Task Force Officer with the Federal Bureau of Investigation ("FBI") and Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE
**(Possession of Ammunition After a Felony Conviction)**

1.     On or about January 7, 2026, in the Southern District of New York and elsewhere, ANDREW WIGGINS, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit, one Blazer nine-millimeter cartridge, three Winchester nine-millimeter cartridges, and nine PPU .40-caliber cartridges, and the ammunition was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2.     I have served for approximately 14 years at the NYPD and approximately one year at the FBI, where I am currently assigned to the FBI Joint Task Force, where I am focused upon the investigation of firearms-related offenses and other crimes violence. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement officers and other individuals, as well as my examination of reports and other records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported in this Complaint, they are reported in substance and in part, except where otherwise indicated.

3.     Based on my conversations with certain members of the New York City Police Department ("NYPD"), including multiple police officers ("PO-1" and "PO-2"), my review of their reports, and my review of video recordings obtained from surveillance cameras and body-worn cameras of certain members of the NYPD, including PO-1 and PO-2, I have learned the following information:

a. On or about January 7, 2026, at approximately 6:40 PM, PO-1 and PO-2 were on foot patrol in the vicinity of 661 8th Avenue at the intersection of 8th Avenue and West 42nd Street in New York, New York—Midtown Manhattan. From that location, the storefront of a fast-food restaurant, a security guard (the "CW") emerged, approached PO-1 and PO-2, and stated to PO-1 and PO-2, in substance and in part, that a male, subsequently identified as ANDREW WIGGINS, the defendant, was present inside the fast-food restaurant, was aggressively harassing customers, and had just pulled out a knife and approached the CW with that knife drawn after the CW directed WIGGINS to stop or the CW would report WIGGINS to law enforcement. At approximately this same time, PO-1 and PO-2 saw WIGGINS come outside of the fast-food restaurant and look at PO-1 and PO-2, who remained speaking with the CW, who identified WIGGINS as the male the CW had just described to PO-1 and PO-2. After WIGGINS saw PO-1 and PO-2 in conversations with the CW, WIGGINS fled, running through the intersection of 8th Avenue and West 42nd Street amidst multiple other pedestrians.

b. From there, PO-1 and PO-2, who activated their body-worn cameras, pursued WIGGINS together with the CW, similarly crossing the intersection of 8th Avenue and West 42nd Street, at which they eventually followed WIGGINS into 625 8th Avenue and in particular the storefront of a bakery. Inside the bakery, PO-1 and PO-2 stopped WIGGINS, whom they began to search, proceeding in earnest upon the arrival of additional police officers.

c. During the search of WIGGINS's person, PO-1 and PO-2 found a knife (the "Knife") and a so-called "ghost" or privately manufactured firearm (the "Firearm"), whose magazine contained one Blazer nine-millimeter cartridge, two Winchester nine-millimeter cartridges, and eight PPU .40-caliber cartridges, all of which PO-1 and PO-2 seized together with one additional Winchester nine-millimeter cartridge and one additional PPU .40-caliber cartridge (together with the cartridges found in the magazine, the "Ammunition"). The Knife and Firearm are depicted below in photographs taken after the Firearm was secured and rendered safe.




4. As part of my investigation of this matter, I have received information from a member of the Alcohol, Tobacco, Firearms, and Explosives Bureau ("ATF"), who, based on his expertise in the manufacturing of firearms and ammunition and analysis of documents and

photographs relating to the Firearm and Ammunition, has concluded that the Ammunition was not manufactured in the State of New York.[1]

5. Further, as part of my investigation of this matter, I have reviewed the criminal history of ANDREW WIGGINS, the defendant. From this review, I have learned that on or about May 17, 2021, WIGGINS was convicted by his guilty plea of Attempted Criminal Possession of a Weapon in the Third Degree, in violation of New York Penal Law §§ 110.00 and 265.03(3) in Richmond County Supreme Court in Staten Island, New York, arising from an arrest on or about November 30, 2019 when the defendant was found in possession of a loaded firearm. On or about May 17, 2021, WIGGINS was sentenced to 36 months' imprisonment and five years' post-release supervision. From on or about June 3, 2021 to October 20, 2022, WIGGINS served the same sentence in the custody of the New York State Department of Corrections and Community Supervision ("NYS DOCCS").[2]

WHEREFORE, I respectfully request that an arrest warrant be issued for ANDREW WIGGINS, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be..

/s/ Michael Calle, by Court with permission
MICHAEL CALLE
Task Force Officer
Federal Bureau of Investigation

Sworn to me through the transmission of
this Complaint by reliable electronic
means (telephone), on January 29, 2026

_____
THE HONORABLE HENRY J. RICARDO
United States Magistrate Judge
Southern District of New York

---

[1] The Firearm, a so-called "ghost" gun, which was privately manufactured through three-dimensional printing, in part, requires further analysis from the ATF to confirm its manufacturing location, which is pending at this time.

[2] Previously, on or about June 23, 2010, ANDREW WIGGINS, the defendant, was convicted of Robbery in the Second Degree, in violation of New York Penal Law § 160.10(2)(B) in Richmond County Supreme Court in Staten, Island New York, arising from an arrest on or about May 29, 2010, when the defendant brandished a firearm during a street robbery of a victim's wallet, which firearm was loaded and was seized from the defendant when he was arrested a short time later. On or about July 8, 2010, WIGGINS was sentenced to 42 months' imprisonment and 30 months' post-release supervision. From on or about July, 19, 2010 to November 27, 20213, WIGGINS served the same sentence in the custody of NYS DOCCS.